**STATE of ALABAMA, and the Lauderdale County Board of Education, Plaintiffs-Appellees,**

v.

**Bruce BUCKINGHAM, Defendant-Appellant.**

**No. 29818.**

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1971.

Oscar W. Adams, Jr., Birmingham, Ala., for defendant-appellant.

E. B. Haltom, Jr., Lavern Tate, Dist. Atty., Florence, Ala., Richard F. Cal-houn, Asst. Atty. Gen., MacDonald Gallion, Atty. Gen., State of Ala., Montgomery, Ala., Donald H. Patterson, Florence, Ala. (Lauderdale), for plaintiff-appellee.

Before BELL, DYER and RONEY, Circuit Judges.

PER CURIAM:

Buckingham, a Negro teacher, junior high school principal and high school principal, employed by the Lauderdale Board of Education for over twenty-five years, was served with a notice of cancellation of his employment contract based upon fifty specifications, twenty-four of which dealt with his conversion, embezzlement and forgery of school funds. He was also the subject of eight indictments charging him with the felony offenses of embezzlement, forgery, grand larceny, and obtaining property by false pretenses.

Asserting that his civil rights as a Negro teacher had been violated Buckingham, pursuant to 28 U.S.C.A. § 1443, removed to the District Court the proceedings pending against him under the Alabama Teacher Tenure Act, as well as the criminal proceedings filed against him in the Circuit Court of Lauderdale County, Alabama. The District Court remanded the cancellation of contract proceedings to the Board of Education so that it might proceed with its hearing in accordance with Alabama law, and remanded the criminal prosecution to the state court from which it was removed. We affirm.

Buckingham's argument that he is entitled to have his hearing before the Board removed to the District Court is frivolous. The proceedings before the Board for the cancellation of his employment contract is not a civil action, or a criminal prosecution within the purview of 28 U.S.C.A. § 1443, nor is the Board a court within the meaning of the statute.

Buckingham's petition likewise clearly fails to allege a basis for the removal of the criminal proceedings under

**118**

Greenwood v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944, and Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925.

Affirmed.